UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:17-cr-00093-SEB-MJD |
| ) | |
| KYE JACKSON, ) -03 | |
| ) | |
| Defendant. ) | |

## ORDER

### I. Background

Defendant filed a pro se motion that the Court construed as a motion for compassionate under Section 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 323. The Court appointed counsel to represent Defendant and stayed the case. Dkt. 324. Counsel has now appeared on Defendant's behalf. Dkt. 325.

The First Step Act was enacted on December 21, 2018. *See* 132 Stat. 5194 (2018). As relevant here, § 603 of the First Step Act allows the Court to reduce a sentence if the defendant shows an "extraordinary and compelling reason" warranting a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i). That section prevents a court from modifying a sentence until "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). This Court has held that the exhaustion requirement is not jurisdictional and can be waived by the government but that the Court cannot waive it over the government's objection. *See United States*

*v. Cox*, No. 4:18-cr-17-TWP-VTW-1, 2020 WL 1923220, at *3 (S.D. Ind. Apr. 21, 2020); *United States v. Jackson*, No. 2:15-cr-00013-JMS-CMM-1, Dkt. 137 (S.D. Ind. Apr. 28, 2020).

On August 28, 2020, the Court issued an Order informing the parties that the stay would expire November 24, 2020. Dkt. 329. The Court also informed the parties that any amended motion for compassionate release or motion to lift the stay and adoption of Defendant's previously-filed motion for compassionate release must be supported by evidence that 30 days have passed since Defendant's warden received a request for compassionate release. *Id.* The Court informed the parties that, alternatively, Defendant's counsel could confer with the United States and submit a statement certifying that the United States agrees that Defendant has exhausted administrative remedies or that the United States will waive the exhaustion requirement in this case. *Id.*

On September 2, 2020, the United States filed a motion to dismiss Defendant's motion for compassionate release. Dkt. 330. The United States argues that the Court should dismiss Defendant's motion because he has not even alleged that he has exhausted administrative remedies and because his motion for compassionate release is barred by a plea waiver. *Id.*

## II.    Discussion

**A.    Exhaustion of Administrative Remedies[1]**

The Court will not deny Defendant's motion for compassionate release for failure to exhaust administrative remedies at this time. The Court has repeatedly refused to preemptively deny motions for compassionate release on exhaustion grounds. Instead, the Court has—with the United States' support—repeatedly found that judicial economy favors giving defendants additional time to exhaust, even when the defendant filed a motion for compassionate release too soon. *See, e.g.*, *United States v. Fraley*, No. 4:15-cr-00028-TWP-VTW-10, Dkt. 964 (United States

---

[1] The United States has filed nearly identical motions to dismiss in multiple cases. Thus, the Court concludes that it does not require a response from Defendant to resolve this issue.

2

agreeing to stay proceedings for 24 days so that the defendant could exhaust administrative remedies where the defendant filed her motion for compassionate release too soon). The Court will do the same in this case. *See United States v. Rice*, 2:15-cr-19-JMS-CMM-10, dkt. 805 (S.D. Ind. Sept. 24, 2020) (denying similar motion to dismiss from the United States).

As stated in the Court's August 28 Order, any amended motion or motion to lift stay and adoption of Defendant's previously filed motion must be supported by evidence that Defendant has exhausted administrative remedies or a certification that the United States will not contest exhaustion in this case. Dkt. 330. If the United States believes that Defendant has not exhausted his administrative remedies when counsel files an amended motion or adopts Defendant's previously filed motion, it may raise that argument in its response. Likewise, if Defendant has not exhausted his administrative remedies by November 24, 2020, the Court may consider denying his motion without prejudice at that time.

**B.     Plea Waiver**

The United States argues that Defendant waived his right to seek a sentence modification based on the terms of his plea agreement. Dkt. 330. Defendant signed his plea agreement on September 25, 2018, and the agreement was filed on October 1, 2018. Dkt. 174. Defendant pleaded guilty on February 18, 2019. Dkt. 242. His plea agreement stated that he agreed not to "contest, or seek to modify" his sentence, including in "an action brought under 18 U.S.C. § 3582," with an exception not relevant here. Dkt. 174 at 13.

In cases where a defendant signed a similar plea waiver and pleaded guilty before the enactment of the First Step Act, judges of this Court have found that the defendant did not knowingly and voluntarily waive the right to file a compassionate release motion in district court. *See, e.g.*, *Rice*, No. 2:15-cr-19- JMS-CMM-10, dkt. 805, at 4–5 (S.D. Ind. Sept. 24, 2020) (denying

3

similar motion to dismiss on basis of plea waiver); *United States v. Ayers*, No. 1:17-cr-255-TWP-TAB-01, dkt. 60 at 2–3 (S.D. Ind. Sept. 24, 2020) (same). By contrast, when a defendant signed his plea waiver and pleaded guilty after enactment of the First Step Act, judges of this Court have found that the plea waiver controls. *See United States v. Egebrecht*, 2:17-cr-0007-JRS-CMM-01, dkt. 72 (S.D. Ind. June 29, 2020); *United States v. Harris-Harden*, No. 1:18-cr-211-JPH-TAB-1, dkt. 77 (S.D. Ind. Sept. 22, 2020). Defendant's case sits between these two types of cases because he signed his plea waiver before the First Step Act was enacted but he did not actually plead guilty until after it was enacted. Accordingly, the Court will require Defendant to respond to the United States' motion to dismiss insofar as it argues that his motion for compassionate release is barred by his plea waiver.

## III.

The United States' motion to dismiss is **denied** insofar as it relies on Defendant's failure to exhaust administrative remedies. In addition, within 14 days of the date this Order is issued, Defendant shall respond to the United States' argument that his motion for compassionate release is barred by his plea waiver. Any reply as to the plea waiver issue must be filed with 7 days of Defendant's response. The **clerk is directed** not to terminate the motion flag associated with the United States' motion to dismiss, dkt. [330], pending resolution of the plea waiver issue.

**IT IS SO ORDERED.**

Date:  10/6/2020

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

**Distribution:**

All Electronically Registered Counsel

4