UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:17-cr-00093-SEB-MJD |
| | ) |
| KYE JACKSON, | ) -03 |
| | ) |
| Defendant. | ) |

**ORDER**

Defendant Kye Jackson filed a pro se motion that the Court construed as a motion for sentence reduction based on "extraordinary and compelling reasons" under Section 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 323. On September 2, 2020, the United States filed a motion to dismiss Mr. Jackson's motion for sentence reduction. Dkt. 330. The United States argued that the Court should dismiss Mr. Jackson's motion because he had not alleged that he had exhausted administrative remedies and because his motion for sentence reduction is barred by a plea waiver. *Id.* On October 6, 2020, the Court denied the motion to dismiss with respect to the exhaustion argument but requested further briefing on the plea waiver issue. Dkt. 337. Mr. Jackson responded. Dkt. 338. The United States did not file a reply, and the time for doing so has passed. *See* dkt. 337.

The United States argues that Mr. Jackson waived his right to seek a sentence modification based on the terms of his plea agreement. Dkt. 330. Mr. Jackson signed his plea agreement on September 25, 2018, and the agreement was filed on October 1, 2018. Dkt. 174. Mr. Jackson pleaded guilty on February 18, 2019. Dkt. 242. His plea agreement stated that he agreed not to

"contest, or seek to modify" his sentence, including in "an action brought under 18 U.S.C. § 3582," with an exception not relevant here. Dkt. 174 at 13.

At the time Mr. Jackson entered into his plea agreement, § 3582 provided that only the Bureau of Prisons ("BOP") could bring a motion for sentence reduction based on "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A) (2016). The First Step Act, enacted on December 21, 2018, provided for the first time the ability to seek a sentence reduction under § 3582(c)(1)(A) upon a defendant's motion. *See* 132 Stat. 5194, 5239 (2018) (First Step Act, § 603). As a result, in cases where a defendant signed a plea waiver similar to that signed by Mr. Jackson and pleaded guilty before the enactment of the First Step Act, this Court has consistently found that the defendant did not knowingly and voluntarily waive the right to file a motion under § 3582(c)(1)(A) in district court. *See, e.g.*, *United States v. Rice*, No. 2:15-cr-19- JMS-CMM-10, dkt. 805, at 4–5 (S.D. Ind. Sept. 24, 2020) (denying similar motion to dismiss on basis of plea waiver); *United States v. Ayers*, No. 1:17-cr-255-TWP-TAB-01, dkt. 60 at 2–3 (S.D. Ind. Sept. 24, 2020) (same). In so holding, the Court has reasoned that the defendant did not have the right to petition for a sentence reduction based on "extraordinary and compelling reasons" under § 3582(c)(1)(A) at the time of the guilty plea and, thus, could not have knowingly waived the right to do so at the time he entered his plea. *Id.* By contrast, when a defendant signed his plea waiver and pleaded guilty after enactment of the First Step Act, this Court has consistently found that the plea waiver controls. *See, e.g.*, *United States v. Egebrecht*, 2:17-cr-0007-JRS-CMM-01, dkt. 72 (S.D. Ind. June 29, 2020); *United States v. Harris-Harden*, No. 1:18-cr-211-JPH-TAB-1, dkt. 77 (S.D. Ind. Sept. 22, 2020).

In requesting additional briefing, the Court noted that Mr. Jackson's case sits between these two types of cases because he signed his plea waiver before the First Step Act was enacted but the

Court did not accept his guilty plea until after it was enacted. Mr. Jackson responded to the motion to dismiss and pointed the Court to another decision, *United States v. Bell*, No. 1:17-cr-222-JMS-TAB-09, dkt. 1377 (S.D. Ind. Sept. 24, 2020), in which the Court found that a plea waiver did not bar a motion for sentence reduction based on "extraordinary and compelling reasons" where the defendant both signed his plea agreement and pleaded guilty before enactment of the First Step Act. Mr. Jackson argued that the decision in *Bell* should control. The United States did not file a reply, and its motion does not address the situation presented by this case.

The United States bears the burden to show that Mr. Jackson waived his right to file a motion for sentence reduction under § 3582(c)(1)(A). As explained, this Court has consistently held that defendants—like Mr. Jackson—who signed similar plea waivers prior to the enactment of the First Step Act did not waive their right to file a motion for sentence reduction based on "extraordinary and compelling reasons." The United States has not established that Mr. Jackson could have used the enactment of the First Step Act as a basis to withdraw or re-negotiate the plea agreement prior to his change-of-plea hearing. Accordingly, the motion to dismiss Mr. Jackson's motion for sentence reduction as barred by the plea waiver, dkt. [330], is **denied**.

**IT IS SO ORDERED.**

Date: 11/10/2020

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

**Distribution:**

All Electronically Registered Counsel