UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:17-cr-00093-SEB-MJD-03 |
| v. | ORDER ON MOTIONS FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) (COMPASSIONATE RELEASE) |
| KYE JACKSON | |

Upon motions of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motions are:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:17-cr-00093-SEB-MJD |
| ) | |
| KYE JACKSON, ) | -03 |
| ) | |
| Defendant. ) | |

**ORDER**

Defendant Kye Jackson seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A).[1] For the reasons explained below, Mr. Jackson's motions are **denied**.

**I. Background**

In 2019, Mr. Jackson pled guilty to one count of racketeer influence and corrupt organizations, in violation of 18 U.S.C. § 1962(d). Dkts. 242, 248. According to the presentence investigation report, Mr. Jackson was a member of "The Mob," a street gang that robbed pharmacies and distributed the prescription drugs they seized during the robberies in the Indianapolis area. Dkt. 224. The Mob committed at least 26 robberies. During the course of his association with The Mob, Mr. Jackson committed pharmacy robberies and sold prescription drugs obtained from robberies. Additionally,

---

[1] Mr. Jackson also references home confinement. Dkt. 323-1 at 8. Pursuant to statute, the location of a prisoner's confinement is the sole province of BOP, and its placement decisions are "not reviewable by any court." 18 U.S.C. § 3621(b). The Court therefore does not have the authority to order the remainder of Mr. Jackson's sentence to be served on home confinement. *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021) (district court lacks authority to order transfer to home confinement). Instead, in accordance with § 3582(c)(1)(A), the Court considers whether to reduce Mr. Jackson's sentence to time served. *See United States v. Millbrook*, 840 F. App'x 25, 27 (7th Cir. 2021) (finding no error when district court failed to discuss defendant's alternative request for transfer to home confinement because the court had no authority to grant the request under § 3582, which authorizes only sentence "reductions").

after other members of The Mob committed the pharmacy robberies, the robbers frequently met at Mr. Jackson's residence to divide the prescription drugs obtained from the robberies with Mr. Jackson and core members of The Mob. The Court sentenced Mr. Jackson to 132 months of imprisonment and 3 years of supervised release. Dkt. 248.

Mr. Jackson initially filed his motion for compassionate release pro se. Dkt. 323. The Court appointed counsel, dkt. 324, but counsel subsequently withdrew after filing only administrative submissions on Mr. Jackson's behalf, dkts. 354, 355. The Court ordered Mr. Jackson to supplement his motion pro se, dkt. 355, and Mr. Jackson complied, dkt. 360. In his submissions, Mr. Jackson argues that he establishes extraordinary and compelling reasons for compassionate release because he is at risk of severe illness should he contract COVID-19 due to his underlying medical conditions (asthma, heart murmur, obesity). Dkt. 360. Mr. Jackson also appears to raise his rehabilitation and the general conditions at his prison as extraordinary and compelling reasons to grant release. The United States filed a brief in opposition, dkts. 376, 389, and Mr. Jackson filed a reply, dkts. 392, 393. Thus, the motions are now ripe.

**II. Discussion**

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he

movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Mr. Jackson's first reason for requesting a sentence reduction—the risk to his physical health presented by COVID-19, particularly in light of his medical conditions—is not an extraordinary and compelling reason to release him, either alone or in combination with any other reason. "[F]or the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer far more relief than a judicial order. . . . [F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). Mr. Jackson is fully vaccinated, dkt. 389, and he has presented no evidence that he is unable to receive or benefit from the vaccine.[2] Additionally, Mr. Jackson "has not presented any evidence establishing that he is more at risk for an adverse outcome in prison than he would be if released." *United States v. Barbee*, 25 F.4th 531, 533 (7th Cir. 2022). Specifically, he has not presented "data showing that vaccinated prisoners are at materially greater risk of breakthrough infections than other vaccinated persons." *United States v. Avila*, No. 21-2383, dkt. 19 (7th Cir. Feb. 15, 2022); *United States v. Hoskins*, No. 21-2912, 2022 WL 2187558, at *1 (7th Cir. June 16, 2022) (emphasizing that a defendant needs individualized evidence of why, despite his vaccination, his medical risks are extraordinary compared to the general population). The BOP also reports that, as of September 26, 2022, only 6 inmates and no staff members at Mr. Jackson's current facility (FCI

---

[2] In his reply, Mr. Jackson argues that vaccination does not prevent infection due to the everchanging variants of COVID-19 that continue to emerge. Dkt. 393 at 3-6. While it may be true that vaccinated individuals are nevertheless contracting COVID-19 due to variants such as Delta and Omicron, the vaccines still provide significant protection against severe illness, which is the Court's focus in a compassionate release motion. *See* https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html (last visited Sept. 26, 2022) ("COVID-19 vaccines used in the United States continue to protect against severe disease, hospitalization, and death from known circulating variants. They may not be as effective in preventing *infection* from these variants") (emphasis added).

Elkton) have active cases of COVID-19. https://www.bop.gov/coronavirus/ (last visited Sept. 26, 2022). For these reasons, Mr. Jackson has not carried his burden to show that the risk he faces from the COVID-19 pandemic is an extraordinary and compelling reason for relief under § 3582(c)(1)(A). *Barbee*, 25 F.4th at 533.

Mr. Jackson also argues that the BOP and staff at FCI Elkton have mishandled the pandemic, resulting in large numbers of infections and significant risk to prisoners. Dkt. 323-1 at 6-7. Allegations regarding the handling of the pandemic might form the basis for relief in a civil suit filed in Mr. Jackson's district of incarceration, but such allegations are not grounds for a sentence reduction under § 3582(c)(1)(A). *See United States v. Miller*, No. 21-1600, 2022 WL 2187555, at *1 (7th Cir. June 16, 2022) ("[T]o the extent that Miller challenges the conditions and medical care at [the prison] more generally, a compassionate-release motion is not the right vehicle.") (cleaned up). Every inmate at Mr. Jackson's facility, indeed, many inmates across the country, are dealing with various states of closures and limitations due to the pandemic, some of which have been more successful than others. As discussed above, at this time, FCI Elkton only has six active cases of COVID-19 among its inmates and staff. Mr. Jackson has simply not shown that his situation is extraordinary as compared to other inmates.

That leaves Mr. Jackson with one potentially extraordinary and compelling reason for a sentence reduction—his rehabilitation. While the strides Mr. Jackson has made in prison are admirable, rehabilitation alone cannot be an extraordinary and compelling reason to reduce his sentence. *See United States v. Peoples*, 41 F.4th 837 (7th Cir. 2022) ("We cannot read § 3582(c) to permit good prison conduct and rehabilitation alone to override Congress's determinate sentencing scheme… rehabilitation cannot serve as a stand-alone reason for compassionate release") (cleaned up); *see also* 28 U.S.C. § 994(t). The Court does not find that Mr. Jackson's rehabilitation, whether

considered alone or in conjunction with any other reason, is an extraordinary and compelling to grant him compassionate release.

Given the determination that Mr. Jackson has not shown extraordinary and compelling reasons to justify his release, the Court need not address whether he is a danger to the community and whether the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of his release.

### III. Conclusion

For the reasons stated above, Mr. Jackson's motions for compassionate release, dkt. [323] and [360], are **denied.**

**IT IS SO ORDERED.**

Date: 9/28/2022

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Kye Jackson
Reg. No. 15767-028
FCI Elkton
Federal Correctional Institution
P.O. Box 10
Lisbon, OH 44432